UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CR-80121-RS

UNITED STATES OF AMERICA,
Plaintiff,
v.

RASHAR HENRY,
Defendant.
_____/

**DEFENDANT RASHAR HENRY'S
MOTION FOR DOWNWARD VARIANCE**

Defendant Rashar Henry, through counsel, respectfully moves this Honorable Court to vary downward and impose a sentence substantially below the advisory guideline range calculated in the Revised Presentence Investigation Report pursuant to 18 U.S.C. § 3553(a) and *United States v. Booker*, 543 U.S. 220 (2005). Mr. Henry offers the following as grounds in support of this motion.

I. Background

1. On March 5, 2025, Mr. Henry entered a guilty plea to Counts One through Four of the instant Indictment before the Honorable U.S. District Judge Rodney Smith. ECF No. 30. Mr. Henry pled guilty pursuant to a negotiated plea agreement and stipulated factual proffer. ECF Nos. 32, 33.

2. On March 6, 2025 this Honorable Court set Mr. Henry's sentencing hearing for May 27, 2025. ECF No. 31.

3. On April 24, 2025 the United States Probation Office filed a draft Presentence Investigation Report (PSR). ECF No. 35.

1

4. On May 15, 2025, Mr. Henry filed multiple factual objections to the PSR. ECF No. 38.

5. On May 16, 2025, the United States Probation Office filed a revised PSR and PSR Addendum which resolved Mr. Henry's factual objections. ECF Nos. 39, 39-1.

6. On November 22, 2022, Mr. Henry knowingly possessed a Glock 33 firearm, despite having previously been convicted as a felon, in violation of 18 U.S.C. § 922(g)(1). Indictment Count 1, ECF No. 16.

7. On December 31, 2022, Mr. Henry knowingly possessed a Glock 21 firearm, despite having previously been convicted as a felon, in violation of 18 U.S.C. § 922(g)(1). Indictment Count 3, ECF No. 16.

8. On May 19, 2023, Mr. Henry knowingly possessed a Colt 1911, .45 caliber firearm, despite having previously been convicted as a felon, in violation of 18 U.S.C. § 922(g)(1), as charged in case 23-CR-80112-Middlebrooks in the Southern District of Florida. PSR paragraph 33, ECF No. 39.

9. On November 16, 2023, the Honorable United States District Judge Donald M. Middlebrooks sentenced Mr. Henry to 24 months' imprisonment in case 23-CR-80112-Middlebrooks. ECF Nos. 31, 33 in case 23-CR-80112-Middlebrooks.

10. Mr. Henry respectfully requests that this Honorable Court grant a downward variance pursuant to 18 U.S.C. § 3553(a) and sentence Mr. Henry substantially below the advisory guideline range recommended in PSR paragraph 71.

11. The government opposes this motion.

II. Memorandum of Law and Incorporated Argument

In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court excised the statutory provision of 18 U.S.C. § 3553 that made the Sentencing Guidelines mandatory, thereby rendering them advisory. Id. at 244-46. While a District Court must still correctly calculate the guideline range, there is no presumption that a guideline sentence is a reasonable and appropriate sentence. Gall v. United States, 552 U.S. 38, 49-50 (2007). The sentencing court must make an individualized assessment based on the facts presented. Id. When fashioning such a sentence, the sentencing court must consider the factors set out in 18 U.S.C. § 3553(a). As Justice Ginsburg succinctly stated in *Kimbrough v. United States*,

> [T]he statute, as modified by *Booker*, contains an overarching provision instructing district courts to "impose a sentence sufficient, but not greater than necessary," to accomplish the goals of sentencing, including "to reflect the seriousness of the offense," "to promote respect for the law," "to provide just punishment for the offense," "to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant."

Kimbrough v. United States, 552 U.S. 85, 101 (2007) (quoting 18 U.S.C. § 3553).

In *Pepper v. United States*, Justice Sotomayor quoted the language of Justice Kennedy in *Koon v. United States*: "[I]t has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crimes and punishment to ensue." Pepper v. United States, 131 S. Ct. 1229, 1239-40 (2011) (quoting Koon v. United States, 518

3

U.S. 81, 113 (1996)).  Further, the District Court must fashion a sentence that fits the offender and not merely the crime.  Id. at 1240.

Justice Sotomayor continued, "[B]oth Congress and the Sentencing Commission thus expressly preserved the traditional discretion of sentencing courts "to conduct an inquiry broad in scope, largely unlimited either as to the kind of information [they] may consider, or the source from which it may come."  Pepper v. United States, 131 S. Ct. 1229, 1240 (2011) (quoting United States v. Tucker, 404 U.S. 443, 446 (1972)).

Congress gave sentencing Courts broad discretion in sentencing: "[I]n determining the sentence to impose within the guideline range, or whether a departure from the guidelines is warranted, the court may consider, without limitation, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law."  Pepper v. United States, 131 S. Ct. 1229, 1240 (2011) (citing 18 U.S.C. § 3661).

In *Gall v. United States*, the Supreme Court found that a District Judge's imposition of a 36 month sentence of probation was reasonable where the presentence report recommended a sentencing range of 30 to 37 months of imprisonment.  Gall v. United States, 552 U.S. 38, 41-43 (2007).   The Supreme Court stated,

> In *Booker* we invalidated both the statutory provision, 18 U.S.C. § 3553(b)(1) (2000 ed., Supp. IV), which made the Sentencing Guidelines mandatory, and § 3742(e) (2000 ed. and Supp. IV), which directed appellate courts to apply a *de novo* standard of review to departures from the Guidelines. As a result of our decision, the Guidelines are now advisory, and appellate review of sentencing decisions is limited to determining whether they are "reasonable." Our explanation of "reasonableness" review in the *Booker* opinion made it pellucidly clear

4

>that the familiar abuse-of-discretion standard of review now applies to appellate review of sentencing decisions.

Gall v. United States, 552 U.S. 38, 46 (2007) (citing United States v. Booker, 543 U.S. 220 (2005); and Rita v. United States, 551 U.S. 338, 361-362 (2007) (STEVENS, J. concurring)).

In finding that the Court of Appeals should not have decided *de novo* whether the justification for a variance was sufficient or the sentence reasonable, the Supreme Court stated that, on abuse-of-discretion review, the Eighth Circuit, "should have given due deference to the District Court's reasoned and reasonable decision that the 3553(s) factors, on the whole, justified the sentence." Gall v. United States, 552 U.S. 38, 59-60 (2007).

In determining a reasonable sentence in the instant case, it is important to note the specific dates that Mr. Henry possessed the Glock 33 and Glock 21 firearms charged in the instant Indictment. Mr. Henry possessed the Glock 33 on November 22, 2022, and the Glock 21 on December 31, 2022. Both dates actually predate when Mr. Henry possessed the Colt 1911 charged in case 23-CR-80112, that date being May 19, 2023.

It is worth considering how Mr. Henry's offense level computation would have changed if all three firearms were charged in case 23-CR-80112. USSG § 2K2.1(a)(3), not (a)(4), would apply. This would raise the base offense level from 20 to base offense level of 22, as the additional two firearms are described in 26 U.S.C. § 5845(a). Additionally, USSG § 2K2.1(b)(1) would operate to increase the offense level by two (2) points as the number of firearms would increase to three (3). USSG § 3E1.1 would reduce the offense level by three (3) levels, leading to an overall offense level of 21.

5

Importantly, *the criminal history category would remain the same*, category II. Thus, combining all three firearms in the 23-CR-80112 case would have resulted in a guideline imprisonment range of between 41 and 51 months.

In reality, Mr. Henry is being sentenced in reverse chronological order for his three violations of 18 U.S.C. 922(g)(1). In the instant case, Mr. Henry's criminal history is *now* category III, and his total offense level is 19, leading to an advisory guideline range of imprisonment of between 37 and 46 months. In case 23-CR-80112, the Honorable U.S. District Judge Middlebrooks sentenced Mr. Henry to 24 months' imprisonment. PSR para. 33. The low end of the instant guideline range is 37 months' imprisonment. PSR para. 71. Combining Mr. Henry's prior 2023 sentence of 24 months with 37 months from the instant case totals 61 months. That is twenty (20) months greater than what Mr. Henry would have faced had he been sentenced for possession of the Glock 33, Glock 21, and Colt 1911 in the same indictment.

Further, Mr. Henry had been incarcerated since May 19, 2023, and was serving his sentence in case 23-CR-80112 when the Government obtained a Writ of Habeas Corpus Ad Prosequendum transferring Mr. Wright to the Southern District of Florida on the instant matter. PSR paras. 16, 33. Mr. Henry has been in custody, non-stop since May 19, 2023. Mr. Henry has not had an opportunity to prove that he will not reoffend and that he has learned from his offense in case 23-CR-80112.

Based on the foregoing, Mr. Henry respectfully requests that this Honorable Court sentence him significantly below the low end of the advisory guideline range contained in the PSR. Imposing such a sentence is sufficient, but not greater than

necessary to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public.

WHEREFORE, Mr. Henry respectfully requests that this Honorable Court grant a downward variance pursuant to 18 U.S.C. § 3553(a), and sentence him substantially below the advisory guideline range.

                    Respectfully submitted,

                    **Robert W. Stickney**
                    Robert W. Stickney / Fla. Bar No. 883130
                    Counsel for Defendant
                    100 S.E. 3rd Avenue, Suite 2210
                    Fort Lauderdale, Florida 33394
                    Ph: (954) 767-8908 /E-mail: rws@stickneylaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed by CM/ECF this 22nd day of May 2025.

                    Respectfully submitted,

                    **Robert W. Stickney**
                    Robert W. Stickney / Fla. Bar No. 883130
                    Counsel for Defendant
                    100 S.E. 3rd Avenue, Suite 2210
                    Fort Lauderdale, Florida 33394
                    Ph: (954) 767-8908 /E-mail: rws@stickneylaw.com